UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER BOSBELI ORTEGA ORDÓÑEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 5:26-cv-06686-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**PROCEEDINGS**

On November 9, 2026, Alexander Bosbeli Ortega Ordóñez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities without a warrant, an individualized determination of flight risk or danger, and a hearing, and substantively, seeking immediate release from custody, or alternatively, a bond hearing at which Respondents bear the burden of proving by clear and convincing evidence that his detention is necessary to prevent flight risk or danger to the community. Dkt. 1 ("Petition" or "Pet.").

On November 16, 2026, Respondents filed an Answer and Notice of Intended Removal, stating that Petitioner is subject to a reinstated order of removal and Immigration and Customs Enforcement ("ICE") intends to imminently remove Petitioner to his native country of Guatemala. Dkt. 8 ("Ans."). The next day, on November 17, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining Order Prohibiting Removal and Transfer, seeking an order enjoining Respondents from removing him from the United States or transferring him outside the District pending (1) completion of his reasonable fear screening, and any review of it, and (2) the Court's ruling on the pending Petition. Dkt. 9 ("TRO Application"). Also on November 17, 2026, Petitioner filed a Reply, now purporting to seek relief consistent with the TRO Application. Dkt. 10 ("Reply"). The Petition is fully briefed and the Court finds it may appropriately rule on the TRO Application without further briefing or argument.

For the reasons discussed below, the Petition is denied.

## II.

## BACKGROUND

Petitioner is a native and citizen of Guatemala who was previously processed as an expedited removal on April 11, 2019. Pet. ¶ 9; Ans., Exh. 4 ("Form I-213) at 3. Petitioner was removed from the United States in May 2019. Form I-213 at 3. Petitioner reports that he reentered the Unites States without inspection around May 2021 and has remained here since that time. Pet. ¶ 15. According to the Form I-213, Petitioner was arrested by ICE officials on November 4, 2026 during a targeted enforcement operation against a different individual. Form I-213 at 2. An administrative warrant for arrest was issued and Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order, which Petitioner refused to sign. Form I-213 at 3; Ans., Exh. 1-2. Petitioner's order of removal was reinstated the same day. Id., Exh. 2.

On November 13, 2026, Petitioner was served with a Notification of Removal, notifying him that he is scheduled for transfer outside the Central District of California on or about November 19, 2026 to effectuate his removal to Guatemala. Ans., Exh. 3. On November 17, 2026, through counsel, Petitioner expressed fear of persecution or torture should he be removed to Guatemala. TRO Application, Exh. A. Deportation Officer Mendoza responded the same day, notifying Petitioner's counsel that he would be provided "an APSO screening." Id.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Petitioner has failed to carry his burden to prove he is currently entitled to federal habeas relief.

When a noncitizen reenters the United States illegally after previously being removed or having departed voluntarily under a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . . and the [noncitizen] shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). In such circumstances, the noncitizen has no right to a hearing before an immigration

judge. 8 C.F.R. § 241.8(a); Morales-Izquierdo v. Gonzales, 486 F.3d 484, 498 (9th Cir. 2007) (as amended) (en banc) ("a previously removed [noncitizen] who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order"). Detention of noncitizens subject to reinstated orders of removal is governed by 8 U.S.C. § 1231, which provides that when a noncitizen is ordered removed, they shall be removed within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). See Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021). Detention during the removal period is mandatory. See 8 U.S.C. § 1231(a)(2). The 90-day removal period begins to run on the date when the petitioner's prior removal order is reinstated. Ramirez v. Acting Warden of the Adelanto Det. Cent., 2026 WL 2677300, at *3 (C.D. Cal. Sept. 9, 2026); T.M. v. Warden of the Golden State Annex, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026).

Petitioner contends he was unlawfully detained without a warrant, an individualized determination of flight risk or danger, or a hearing. To the extent he challenges the lawfulness of his arrest, however, as the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). "The dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026).

Here, the government is properly detaining Petitioner pursuant to the reinstated final removal order. Petitioner acknowledges he "does not seek

review of any order of removal and does not challenge the merits of any removal proceedings." Pet. ¶ 7. While he challenges "the lawfulness of his custody" (id.), as explained, detention during the 90-day removal period is mandatory. In Petitioner's case, the 90-removal period began the day his removal order was reinstated, on November 4, 2026. Because Petitioner is still being detained within the 90-day removal period, his detention remains lawful under 8 U.S.C. § 1231(a)(2). Given Respondents' representations and the Notification of Removal, there is no reason to believe Petitioner is being detained for any purpose other than his imminent and lawful removal to Guatemala. Petitioner has not shown he is entitled to federal habeas relief.

Finally, in his TRO Application, Petitioner seeks to prevent his removal while he pursues a reasonable fear screening. Petitioner argues in the TRO Application that he has requested a fear referral that would foreclose removal. TRO Application at 3. However, as noted, the Petition did not challenge Petitioner's removal proceedings. Although Petitioner now claims that he has expressed a fear of return to Guatemala, warranting a screening referral, he made no such assertion in the Petition. Rather, this assertion was made for the first time on November 17, 2026, four days after he was served with the Notification of Removal. See TRO Application, Exh. A; Reply at 2-3, 5. As such, this issue does not present a current case or controversy as framed by the Petition. See Diaz v. Reaume, 2019 WL 7945591, at *2 (C.D. Cal. Sept. 18, 2019) (explaining that "a request for a preliminary injunction can only pertain to 'issues as framed by the [operative] complaint'" (quoting Pamer v. Cal. Dep't of Corrs., 2007 WL 2778913, at *11 (N.D. Cal. Sept. 21, 2007)); Peace & Freedom Party v. Bowen, 2012 WL 1455248, *7 (E.D. Cal. Apr. 26 2012) (electing not to consider the merits of a preliminary injunction for claim not contained in the complaint). Further, even if the claim were considered, Petitioner has not shown he is entitled to relief. Respondents have already

stated they would be providing Petitioner with a screening interview. Rather than waiting for that interview, mere hours after the government confirmed it would provide this interview, Petitioner filed the TRO Application. The Court expects the government to comply with the governing regulations, which they have already represented they will do. As such, the TRO Application is denied without prejudice.

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) the TRO Application (Dkt. 9) is DENIED; and (2) Judgment shall be entered denying the Petition with prejudice.

Dated: November 18, 2026

JOHN D. EARLY
United States Magistrate Judge